IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>BLOCK INVESTMENT, INC., a Bahama corporation, CLEALON B. MANN, an individual and THE SOMERSET GROUP, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STAY AND STRIKING ANSWER OF THE SOMERSET GROUP, INC.<br><br><br>Case No. 2:04-CV-288 TS |

On January 5, 2006, the Court held a final pretrial conference in this matter in anticipation of a trial set to begin on January 23, 2006. That same day, Defendants filed a Motion to Stay Proceedings During Pendency of Patent Office Reexamination.[1] That Motion stated that Defendants had recently filed a Request for Reexamination with the Patent Office, but that the Patent Office had not yet accepted their Request. The Court heard arguments on the Motion at the final pretrial conference. Plaintiff argued that since Defendants had never raised

---

[1]Docket No. 125.

1

the issue of patent invalidity previously, they had waived such an argument. The Court asked Plaintiff to respond to the Motion to Stay in writing, which it did on January 10, 2006.[2]

In its opposition to the Motion to Stay, Plaintiff again argued that since Defendants have not pled patent invalidity as an affirmative defense, or raised the defense in anyway during the pendency of this lawsuit, that they have waived this defense. For this reason, Plaintiff asked the Court to deny the Motion to Stay. In a seeming attempt to cure the deficiency argued by Plaintiff, Defendant Somerset filed an Answer on January 10, 2006.[3] In that Answer, Somerset, for the first time asserted the affirmative defense of patent invalidity.

It should be noted that Plaintiff filed its original Complaint on March 29, 2004.[4] An Answer to that Complaint was filed on April 15, 2004.[5] An Amended Answer and Counterclaim was filed on July 14, 2004.[6] Plaintiff filed an Amended Complaint, adding Somerset, on August 6, 2004,[7] and exhibits were added to the Amended Complaint on September 29, 2004.[8] Until January 10, 2006, Somerset never filed an Answer.

---

[2]Docket No. 128.

[3]Docket No. 127.

[4]Docket No. 1.

[5]Docket No. 3.

[6]Docket No. 21. Plaintiff was later granted summary judgment on Defendant Mann's counterclaim. *See* Docket No. 59.

[7]Docket No. 29. It should be noted that the Amended Complaint was actually served on Defendants' counsel on June 29, 2004, the date when Plaintiff sought leave to file an Amended Complaint.

[8]Docket No. 38.

## I. DEFENDANTS' MOTION TO STAY

Defendants' Motion to Stay states that they filed a Request for Reexamination with the Patent Office on December 20, 2005. The Patent Office has not yet accepted this Request, nor is their any indication that they will. It may take months to determine if the Patent Office accepts the request and then it may take years for the Patent Office to make a determination. This would significantly delay this case.

Patent invalidity is an affirmative defense which must be plead.[9] Failure to plead an affirmative defense results in a waiver of that defense.[10] Defendants did not plead patent invalidity as an affirmative defense until January 10, 2006, and they have never raised it as a counterclaim.

The Court will deny Defendants' Motion to Stay. The Court will not put these proceedings on hold while Defendants seek review from the Patent Office, which may not occur, when they have waited until the eve of trial to seek reexamination. Defendants have waived any affirmative defense of patent invalidity by failing to raise it previously. The Court believes that Defendants are attempting a last-ditch effort to avoid proceeding to trial in this matter. The Court will not legitimize Defendants tactics by staying this case.

## II. ANSWER OF SOMERSET GROUP

As noted above, Plaintiff filed its most recent Amended Complaint on August 6, 2004. Defendant Somerset waited until January 10, 2006, less than two weeks before trial, to file an

---

[9]*See* 35 U.S.C. § 282.

[10]*See* Fed.R.Civ.P. 8(c).

Answer to that Amended Complaint.  Somerset's Answer seems to be an attempt to cure the deficiency noted by Plaintiff by pleading patent invalidity as an affirmative defense.

Generally, an Answer must be filed within 20 days after being served with the summons and the complaint.[11]  Defendant Somerset waited approximately one-and-a-half years to file its answer.  Defendant Somerset never sought leave of the Court to file an Answer out-of-time, nor has it provided an explanation for its late filing.

Under Rule 6(b), the Court has the discretion to permit late filings if a defendant can show that the delay was caused by "excusable neglect."[12]  Defendant Somerset has not argued that its failure to file a timely Answer was caused by excusable neglect.  Instead, it seems that its belated Answer was filed in an effort to rebut Plaintiff's arguments in opposition to the Motion to Stay and to force the Court to delay these proceedings further.  The Court will not take the bait and will not allow Defendant Somerset to file this untimely Answer.  Therefore, Defendant Somerset's Answer is stricken.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Stay (Docket No. 125) is DENIED.  It is further

ORDERED that Defendant Somerset's Answer (Docket No. 127) is STRICKEN.  It is further

---

[11] Fed.R.Civ.P. 12(a)(1)(A).

[12] Fed.R.Civ.P. 6(b).  *See also Panis v. Mision Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995) (stating that "district court has discretion to permit the late filing of defendants' answer if defendants could show that the delay was caused by 'excusable neglect.'")

ORDERED that Plaintiff's Motion to Strike Answer by Defendant the Somerset Group, Inc. (Docket No. 129) is GRANTED.

DATED   January 17, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge