IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC., <br><br>　　Plaintiff, <br><br><br>　　vs. <br><br><br>BLOCK INVESTMENT, INC., a Bahama corporation, CLEALON B. MANN, an individual and THE SOMERSET GROUP, INC., <br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER AND REVERSE ORDER DENYING MOTION FOR STAY OF PROCEEDINGS <br><br><br><br>Case No. 2:04-CV-288 TS |

I.  BACKGROUND

　　This case is scheduled for trial on January 23, 2006.  On January 5, 2006, the day of the final pretrial conference, Defendants filed a Motion to Stay Proceedings During Pendency of Patent Office Reexamination.[1]  In that Motion, Defendants stated that they had filed a Request for Reexamination of the '352 Patent with the United States Patent and Trademark Office

---

[1] Docket No. 125.

1

("PTO"). At the time the Motion to Stay was filed, the PTO had not yet accepted Defendants' Request for Reexamination.

Plaintiff opposed that Motion, orally at the final pretrial conference and in writing thereafter, arguing that Defendants had waived the defense of patent invalidity by failing to raise it as an affirmative defense, or raise it in any manner during the pendency of this litigation. In a seeming attempt to rectify this deficiency, on January 10, 2006, Defendant Somerset filed an untimely Answer,[2] without leave of the Court. Somerset has offered no explanation as to why it filed its Answer approximately one-and-a-half years late. Somerset's Answer asserts patent invalidity as an affirmative defense for the first time in the course of this litigation.[3]

The Court, in its January 17, 2006 Order, denied the Motion to Stay and struck the Answer of Defendant Somerset as untimely.[4] The Court found that Defendants had waived the affirmative defense of patent invalidity by failing to plead it. The Court also noted that, at that time, it was not clear whether the Patent Office would accept Defendants' Request for Reexamination. Further, the Court stated that the requested stay had the potential of prolonging this case for years.

On January 18, 2006, Defendants filed a Motion to Reconsider and Reverse Order Denying Motion for Stay of Proceedings.[5] In their Memorandum, Defendants state that the PTO

---

[2] Docket No. 127.

[3] *Id*. at 3.

[4] Docket No. 140.

[5] Docket No. 143. The Court would note that no "Motion" was actually filed. Rather, Defendants filed a "Memorandum in Support" and apparently failed to file the accompanying Motion. In the interest of time, the Court will treat Defendants' Memorandum in Support as if it were a Motion.

has granted their Request for Reexamination.[6]  As a result, they argue, one of the major premises of the Court's decision to deny the stay is no longer valid.  Defendants argue that if this case is stayed, Defendants may be able to amend their pleadings in order to assert patent invalidity as an affirmative defense.  Defendants also argue that Plaintiff will not be harmed by the stay.

Plaintiff has responded by arguing that this is another attempt by Defendants to delay this trial.  Plaintiff argues that the fact that the Request for Reexamination was granted is immaterial since 98% of such requests are granted.[7]  Plaintiff also notes that staying this case during reexamination would delay this case for up to five years.  Plaintiff also notes that Defendants have failed to offer any excuse for its delayed attack on the validity of the '352 Patent.  Plaintiff argues that Defendants' Motion is merely a "back-door" effort to argue patent invalidity, even though the Court has ruled that Defendants have waived that defense.

## II.  DISCUSSION

The Federal Circuit Court of Appeals has recognized that a district court may properly stay proceedings in a patent case pending the PTO's reexamination of a patent by that Office.[8]  This Court has the inherent power to manage its docket and stay proceedings.[9]  Courts consider a number of factors in determining whether to stay litigation proceedings pending PTO reexamination, including: (1) whether discovery is complete and whether a trial date has been

---

[6] Docket No. 143, Exhibit A.

[7] *See* Plaintiff's Memorandum in Opposition to Defendants' Motion for Reconsideration and Reversal of Motion to Stay Proceedings, Exhibit B.

[8] *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[9] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).

set; (2) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (3) whether a stay will simplify the issues.[10]

Here, these factors weigh against staying this action pending PTO reexamination. First, this case is in the last stages of the litigation process. Trial in this matter is set to begin in only a matter of days and preparation for trial is well under way.

Second, the Court finds that the stay would both unduly prejudice Plaintiff and would present a clear tactical advantage to Defendants. If the Court were to stay this matter, Plaintiff faces the possibility that it may continue to be harmed by Defendants alleged infringing actions. The tactical advantage sought by Defendants is made clear by their Motion. Defendants seek to have this matter stayed, in part, so that they may be given the opportunity to amend their pleadings in order to raise patent invalidity as an affirmative defense. Defendants' Motion is an attempt to cure their failure to raise the defense of patent invalidity in a timely manner.

Finally, the Court finds that the stay would not simplify the issues in this case. As was noted by the Court in its January 17, 2006 Order, Defendants have waived the affirmative defense of patent invalidity. As a result, any decision by the PTO concerning the validity of the '352 Patent would have little or no bearing on the outcome of this case, since that issue has not properly been raised by Defendants. As a result of these considerations, the Court will not stay this matter.

---

[10] *In re Laughlin Products, Inc.*, 265 F.Supp. 2d 525, 530 (E.D. Pa. 2003).

## III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Reconsider or Reverse Order Denying Motion for Stay of Proceedings (Docket No. 143) is DENIED.  It is further

ORDERED that this matter will continue to trial as scheduled on January 23, 2006, at 8:30 a.m.  Counsel are to appear at 8:00 a.m. on the first day of trial.

DATED   January 19, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge