IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> BLOCK INVESTMENT, INC., a Bahama corporation, CLEALON B. MANN, an individual and THE SOMERSET GROUP, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTIONS IN LIMINE <br><br><br><br><br> Case No. 2:04-CV-288 TS |

This case is scheduled for trial to begin on January 23, 2006. In anticipation of trial, Plaintiff has filed seven Motions in Limine.[1] Defendants have responded to Plaintiff's Motions, mostly through their Trial Brief.[2]

I. PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff's first, second, and third Motions in Limine concern exhibits which Defendants may present at trial—Defendants' Exhibits B, E, and H respectively. Plaintiff raises various

---

[1]Docket Nos. 104, 106, 108, 131, 133, 135, and 137.

[2]Docket No. 151. Defendants have responded to Plaintiff's Motions in Limine Nos. 1 and 2 in written memoranda. *See* Docket Nos. 113 and 114.

1

arguments opposing the introduction of these exhibits.  At this time, the Court will reserve ruling on these Motions until the Court has seen these exhibits and how they may be used in the context of trial.  The Court will, therefore, take these Motions under advisement.

Plaintiff's fourth and seventh Motions in Limine seek to preclude Defendants from raising the defenses of noninfringement and invalidity during trial.  35 U.S.C. § 282, ¶2 requires that these defenses be pled.  Since Defendants have failed to plead them in a timely manner, they have waived these defenses and will not be able to raise them at trial.[3]  Therefore, Plaintiff's fourth and seventh Motions in Limine are granted.

Plaintiff's fifth Motion in Limine seeks to limit the testimony of Chester Heath.  Plaintiff argues that Mr. Heath should not be allowed to testify as an expert because Defendants have not designated him as an expert witness and no expert witness report has been filed for him.  The Court will grant this motion in part, in that it will allow Mr. Heath to testify as a fact witness, but Mr. Heath will not be permitted to testify as an expert.

Plaintiff's sixth Motion in Limine seeks to prevent Defendants from raising the issue of the pending patent reexamination proceeding being conducted by the PTO.  Defendants have stated that they will not raise this issue during trial.  Therefore, this Motion is moot.

## II.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine No. 1 (Docket No. 104) is taken under advisement.  It is further

---

[3] *See* Docket Nos. 140 and 149.

ORDERED that Plaintiff's Motion in Limine No. 2 (Docket No. 106) is taken under advisement.  It is further

ORDERED that Plaintiff's Motion in Limine No. 3 (Docket No. 108) is taken under advisement.  It is further

ORDERED that Plaintiff's Motion in Limine No. 4 (Docket No. 131) is GRANTED.  It is further

ORDERED that Plaintiff's Motion in Limine No. 5 (Docket No. 133) is GRANTED IN PART.  Mr. Heath will be permitted to testify as a fact witness, but not as an expert witness.  It is further

ORDERED that Plaintiff's Motion in Limine No. 6 (Docket No. 135) is DENIED AS MOOT.  It is further

ORDERED that Plaintiff's Motion in Limine No. 7 (Docket No. 137) is GRANTED.

DATED   January 20, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge