IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC., <br><br>　　Plaintiff, <br><br>vs. <br><br>BLOCK INVESTMENT, INC., a Bahama corporation, CLEALON B. MANN, an individual and THE SOMERSET GROUP, INC., <br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR A CIVIL CONTEMPT CITATION AND DENYING AS MOOT RESPONDENTS' MOTION TO CONTINUE CONTEMPT PROCEEDINGS <br><br><br><br> Case No. 2:04-CV-288 TS |

　　This matter comes before the Court on Plaintiff's Motion for a Civil Contempt Citation and Respondents' (Chester Heath and Beta Technologies, Inc.) Motion to Continue Contempt Proceedings. For the reasons discussed below, the Court will deny Plaintiff's Motion. As a result of this ruling, Respondents' Motion to Continue is moot.

　　Plaintiff NexMed brought this suit against Defendants Block Investment, Clealon Mann, and the Somerset Group, alleging that a device known as the Cold Sore Eliminator infringed on

1

NexMed's Patent (the "'352 Patent").[1] A jury trial was held in this matter from January 23, 2006, to January 25, 2006. During trial, the Court found, as a matter of law, that Defendants infringed Plaintiff's Patent.[2] The jury found Defendants' infringement to be willful and awarded damages.[3] The Court entered a Judgment against Defendants on February 21, 2006. The Judgment included the following statement:

> Defendants Block Investment Inc. and Clealon B. Mann, Block Investment Inc.'s officers, directors , employees, agents, representatives, attorneys, *and all other persons or entities acting or claiming to act on behalf of either Defendant, or in concert or in participation with either Defendant, who receive actual notice of this Judgment by personal service or otherwise,* are permanently enjoined during the life of said U.S. Patent No. 5,133,352 (a) from promoting, offering for sale, selling, using, or instructing others to use in the United States the device previously and currently known as the Cold Sore Eliminator, (b) from promoting, offering for sale, selling, using, or instructing others to use in the United States devices identical or equivalent to the Cold Sore Eliminator that operate in the same manner and produce substantially the same results as the Cold Sore Eliminator, and (c) from infringing claims 5, 6 and 7 of said U.S. Patent No. 5,133,352.[4]

Plaintiff now seeks to enforce this injunction against Respondents Chester Heath and Beta Technologies, Inc, who were not parties to the previous action. This is not Plaintiff's only legal action against Respondents in this Court, however.

Plaintiff brought suit against Respondents on December 8, 2006, alleging infringement of the '352 Patent.[5] In their Complaint, Plaintiff seeks, among other relief, that Respondents be

---

[1] Docket No. 1.

[2] Docket No. 162.

[3] Docket No. 166.

[4] Docket No. 173 (emphasis added).

[5] *See* Case No. 2:06-CV-1014 TC, Docket No. 1.

enjoined from infringing the '352 Patent.[6] This is the same relief that Plaintiff is seeking by this Motion.

Having brought suit against Respondents for their alleged infringement of the '352 Patent in another case, the Court simply cannot condone Plaintiff's attempts to circumvent that litigation through civil contempt proceedings in this case. Thus, Plaintiff's Motion must be denied.

It is therefore

ORDERED that Plaintiff's Motion for a Civil Contempt Citation (Docket Nos. 201 and 203) is DENIED. It is further

ORDERED that Respondents' Motion to Continue Contempt Proceedings (Docket No. 228) is DENIED AS MOOT. It is further

ORDERED that the hearing set for May 6, 2008, is STRICKEN.

DATED   April 28, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] *Id*.